[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR CHILD SUPPORT PENDENTE LITE (#119)
The parties were divorced in the State of Hawaii in 1990. There is one child of the marriage, Lorraine A. born June 1, 1985 who lives with her mother. On February 7, 1997 the plaintiff filed a certified copy of the judgment in this court pursuant to C.G.S. 46b-71. The judgment ordered joint legal custody with primary physical custody of the child given to the mother. No child support order was then entered. The parties' settlement agreement was approved and incorporated by reference in the judgment.
By motion dated May 19, 1997, and entitled "Motion to Modify Judgment" the plaintiff moved for an order of child support which was denied on October 10, 1997. By motion dated June 11, 1997, and entitled "Motion For Child Support" (#105) the defendant moved for an order of child support which was denied on October 10, 1997.
The defendant submitted a child support guidelines worksheet and the parties' attorneys, in open court, agreed that $120 is the weekly order required by the guidelines.
The plaintiff also seeks an order establishing the defendant's obligation to pay private school expenses, relying on Article 4 of the parties' agreement. The plaintiff enrolled their child in a private high school for the current school year over the objection of the defendant. The defendant signed no agreement with the private school.
The agreement providers no method of allocating such educational expenses. The statute § 46b-56a provides for joint decision-making by the parents. The plaintiff made a unilateral CT Page 256 decision to enroll their child. Their agreement stated ". . . the parties shall confer on major decisions . . . including the child's secondary education. . . ." No evidence was introduced to demonstrate that the private schooling was in the best interest of the child nor was any evidence introduced to demonstrate that the child's educational needs could not be met by Greenwich High School. Under the foregoing facts and circumstances, the court declines to order the defendant to contribute to the private school tuition.
Finally, the plaintiff moves that the order be retroactive. The court finds no basis on which to order retroactivity and it is denied.
Ordered, the defendant shall pay $120 weekly child support, first payment due on January 14, 2000. A wage withholding order is entered.
HARRIGAN, J.